In the Matter of Morris Grill, an Attorney, Respondent.

First Department, October 30, 1936.

S. C. *Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Harry B. Epstein* of counsel [*Cecil B. Ruskay*, attorney], for the respondent.

MARTIN, P. J. The petitioner charges the respondent with professional misconduct.

At the hearings before the official referee the evidence established that, on May 9, 1932, Theodore Willis, an infant, was killed by a truck owned by Armour & Company. On May 26, 1932, letters of administration were issued to Florence Stevens out of the Surrogate's Court, New York county. Shortly thereafter an action was commenced by Florence Stevens against Armour & Company on account of the death of the infant. Letters of administration were also issued to William R. Evans on or about June 22, 1932, and an action was commenced by him against Armour & Company.

The respondent was retained by Mrs. Elizabeth J. Stephen on or about July 27, 1933, to obtain her appointment as administratrix of the estate of the Willis child and to institute an action against Armour & Company to recover damages because of the child's death. The retainer provided for payment of a part of any sum received.

The respondent, on or about July 28, 1933, prepared and caused Elizabeth J. Stephen to verify a petition for her appointment as administratrix. The petition, among other things, recited that a search of the records of the Surrogate's Court, New York county, had been made and that it showed no previous application for letters of administration upon the estate of the deceased and that the petitioner had been informed and verily believed that no such application had ever been made.

The respondent did not make a search of the records of the Surrogate's Court, but both the respondent and his client knew of the previous appointment of Florence Stevens. Letters of administration were thereafter issued to Elizabeth J. Stephen and the respondent commenced an action in her behalf as such administratrix against Armour & Company on account of the death of the infant. No steps were taken by the respondent to revoke the previous appointments or to have the prior actions against Armour & Company for the same relief discontinued.

The first charge was based upon the contention that the respondent knew at the time he was retained by Elizabeth J. Stephen that at least one other administrator had previously been appointed and that at least one other action had been brought against Armour

& Company for the same relief. The second charge was based upon the failure of the respondent to file a statement of his retainer by Elizabeth J. Stephen with the clerk of the Appellate Division, as required by rule 4A of the Special Rules of the Appellate Division Regulating the Conduct of Attorneys and Counselors at Law in the First Judicial Department.

At the hearing before the official referee the respondent admitted the facts above set forth except that he denied any knowledge of the issuance of letters of administration to William R. Evans or the pendency of. an action at the time respondent filed the application on behalf of Elizabeth J. Stephen. He said that upon learning the facts he advised his client that he would not continue to represent her.

It does not appear that the misstatements contained in the application for letters of administration were made with any wrongful motive or intention to conceal the true facts from the surrogate. In fact, the respondent attached to the application papers an affidavit of the prior administratrix, Florence Stevens, setting forth that she had no interest in the case and was not the proper representative of the deceased, but that Elizabeth J. Stephen, the respondent's client, was the nearest relative of the infant then known to her.

In finding the respondent guilty of making a false statement of fact in the application for letters of administration, the referee stated that from the appearance, demeanor and testimony of the respondent he did not believe his actions were wanton or willfully intended to deceive the court but that they grew out of his inexperience and carelessness. He said that the respondent was a young attorney who in his struggle for existence paid little attention to the statements in the petition and did not realize that he was guilty of any wrongdoing.

The respondent admitted his failure to comply with the rule providing for the filing of a statement of the retainer with the Appellate Division and pleaded as an excuse the fact that he had been without office assistance of any kind and had been moving from place to place in an endeavor to find a permanent office. The referee found that in every other case wherein the respondent had a contingent retainer he had filed the required statement.

We are of the opinion that although the conduct of the respondent did not arise out of moral turpitude but was caused by inexperience and carelessness, the respondent should be censured.

McAvoy, O'Malley, Townley and Glennon, JJ., concur.

Respondent unanimously censured.